IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02747-REB-MJW

CENTURYLINK, *successor in interest to Qwest Communications Corporation*,

Plaintiff,

v.

LOGIC TREE LLC, *successor in interest to Logic Tree Corporation*,

Defendant.

---

**REPORT AND RECOMMENDATION**
on

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**
**(Docket No. 10)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

Plaintiff has moved for default judgment. (Docket 10.) The Court has reviewed the motion and its attached exhibits, taken judicial notice of the court's file in this case, and reviewed the applicable Federal Rules of Civil Procedure, case law, and statutes. Now being fully informed, the Court makes the following findings, conclusions, and recommendation that the motion be granted.

## Discussion

Plaintiff filed its complaint on October 7, 2014. (Docket No. 1.) The prayer for relief states:

> WHEREFORE, CTL requests judgment against Logic Tree in the underlying amount of $681,024.99, plus prejudgment and post-judgment interest, plus costs, attorneys' fees and such other relief as this Court deems appropriate.

2

(Docket No. 1, p. 7.) No equitable relief is requested; accordingly, the complaint is a claim for a sum certain.[1] On October 29, 2014, Plaintiff filed proof that Defendant had been personally served in compliance with Federal Rule of Civil Procedure 4. (Docket No. 6.) No imperfections or irregularities appear on the face of the proof of service. (*See id.*) Following Plaintiff's motion for default judgment, the clerk entered default under Rule 55(a). (Docket No. 12.)

Federal Rule of Civil Procedure 55(b) provides in part:

(b) ENTERING A DEFAULT JUDGMENT.

(1) *By the Clerk.* If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.

Fed. R. Civ. P. 55(b)(1). Unlike Rule 55(b)(2), a party need not "apply to the court for a default judgment"; if the conditions of Rule 55(b)(1) are met, the Clerk of Court *must* enter judgment.

This district's local rules further provide:

---

[1] The request for attorneys' fees might have converted the claim to one *not* for a sum certain. See 10A C. WRIGHT & A. MILLER, FED. PRAC. & PROC. CIV. § 2683 n.7 (3d ed.). But Plaintiff has not requested attorneys' fees in its motion for default judgment. (*See* Docket 10.) Further, the clerk's entry of default establishes only the well-pled facts of the complaint, and Plaintiff did not allege facts pertaining to an entitlement to attorneys' fees. (*See* Docket No. 1.) As a result, the Court (1) finds that Plaintiff's request for attorneys' fees is inadvertent boilerplate and (2) concludes that the claim actually at issue is for a sum certain.

3

D.C.COLO.LCivR 55.1 DEFAULT JUDGMENT FOR A SUM CERTAIN

(a) Required Showing. To obtain a default judgment under Fed. R. Civ. P. 55(b)(1), a party shall show by motion supported by affidavit:

  (1) that the defendant who has been defaulted:

   (A) is not a minor or an incompetent person;

   (B) is not in the military service, as set forth in the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, Protection of Servicemembers Against Default Judgments;

   (C) has not made an appearance; and

  (2) the sum certain or the sum that can be made certain by computation.

(b) Form of Judgment. The moving party shall submit a proposed form of judgment that recites:

  (1) the party or parties in favor of whom judgment shall be entered;

  (2) the party or parties against whom judgment shall be entered;

  (3) when there are multiple parties against whom judgment is entered, whether the judgment is entered jointly, severally, or jointly and severally;

  (4) the sum certain consisting of the principal amount, prejudgment interest, and the rate of postjudgment interest; and

  (5) the sum certain of attorney fees enumerated in the document on which the judgment is based.

D.C.COLO.LCivR 55.1.

The information required under this local rule is provided either by affidavit along with Plaintiff's motion or is otherwise apparent from the record in this case. Defendant is a business entity (not a natural person), and therefore is not a minor, incompetent, or in the military service. Further, Defendant has not appeared. Plaintiff's affidavit states

the sum certain at issue: $681,024.99, inclusive of interest and taxes, as of September 19, 2014.  (Docket No. 10-7, p.2.)  The requirements of Local Rule 55.1(a) are met.

Plaintiff did not provide a proposed form of judgment, but the information required by Local Rule 55.1(b) is readily available in the court file.  There is only one plaintiff in this case and only one defendant; further, as mentioned, the principal amount of the judgment is stated in the affidavit attached to Plaintiff's motion.  (Docket No. 10-7, p.2.)  Further, the applicable rate of prejudgment interest is 1.5% per month (*id.* at 4), and the rate of postjudgment interest is set by law under 28 U.S.C. Sec. 1961.  No attorneys' fees are at issue in this case.  Accordingly, all the information required by Local Rule 55.1(b) is apparent in the record.

The Court agrees with Plaintiff's analysis that the Court has subject-matter jurisdiction in this case under 28 U.S.C. 1332; that Defendant has been properly served and this Court has personal jurisdiction over Defendant; and that Plaintiff is entitled to default judgment.  (Docket No. 10, ¶¶ 12-16.)  The Court therefore concludes that the clerk should be directed to enter judgment under Rule 55(b)(1).

## Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that:

- Plaintiff's Motion for Default Judgment (Docket No. 10) be GRANTED;
- The Clerk of Court be directed to enter default judgment under Federal Rule of Civil Procedure 55(b)(1), for the sum certain of $681,024.99, with prejudgment interest of 1.5% per month computed from September 19,

5

> 2014, along with postjudgment interest from the date that judgment is entered until the judgment is paid in full; and
>
> - Plaintiff be awarded its costs, to be taxed by the Clerk of Court pursuant to Federal Rule of Civil Procedure 54(d)(1) and Local Civil Rule 54.1.

**NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives de novo review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions, <u>Makin v. Colo. Dep't of Corr.</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996)**.

Dated: January 8, 2015         */s/ Michael J. Watanabe*
     Denver, Colorado         Michael J. Watanabe
                                            United States Magistrate Judge